**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE EDUARDO CORTEZ RIVERA, ) | |
| ) | Case No. 1:25-cv-12390 |
| Petitioner, ) | |
| ) | **PETITION FOR WRIT OF** |
| v. ) | **HABEAS CORPUS** |
| ) | |
| PATRICIA HYDE, Field Office Director, ) | |
| TODD LYONS, Acting Director U.S. ) | |
| Immigrations and Customs Enforcement, ) | |
| and KRISTI NOEM, U.S. Secretary ) | |
| of Homeland Security, PAMELA BONDI, ) | |
| Attorney General of the U.S., and ANTONE ) | |
| MONIZ, Superintendent, Plymouth County ) | |
| Correctional Facility, in their official capacities, ) | |
| ) | |
| Respondents. ) | |
| ) | |

1. Petitioner, Jose Eduardo Cortez Rivera, is a 28-year-old asylum-seeker and father of two minor children. In 2017, he fled El Salvador with his family after his mother-in-law was murdered by gangs in broad daylight in front of most of Mr. Cortez Rivera, his partner, their daughter, and most of their extended family. While most of the family has been granted asylum, Mr. Cortez Rivera and his daughter's removal proceedings were dismissed in 2022, after which they re-filed for asylum before U.S. Citizenship & Immigration Services. He continued to diligently pursue his and his family's claims for protection.

2. On August 28, 2025, Immigration & Customs Enforcement (ICE) agents broke the window to his car and detained Mr. Cortez Rivera without notice in front of his family, while Mr. Cortez Rivera was leaving home to attend a hearing in Chelsea District Court.

1

3.  Accordingly, to remedy the violation of Petitioner's statutory and Due Process rights, this Court should grant the instant petition for a writ of habeas corpus.

4.  Petitioner asks this Court to find that he was unlawfully detained and order his release.

## JURISDICTION AND VENUE

5.  This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

6.  This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

7.  Venue is proper because Petitioner is detained in Plymouth, MA, in the District of Massachusetts.

## PARTIES

8.  The Petitioner, Jose Eduardo Cortez Rivera, is an asylum seeker detained by the Respondents at the Plymouth County Correctional Facility in Plymouth, MA. Prior to his detention, he resided in Chelsea, MA with his partner and two young daughters.

9.  Respondent Patricia Hyde is the Field Director for the Boston, MA Immigration & Customs Enforcement ("ICE") office of Enforcement and Removal Operations ("ERO"), which is responsible for ERO operations in New England.

10. Respondent Todd Lyons is the Acting Director for ICE and is responsible for ICE's policies, practices, and procedures, including those relating to the detention of noncitizens during their removal procedures.

11. Respondent Kristi Noem is the U.S. Secretary of Homeland Security and is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

12. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and has physical custody of Mr. Cortez Rivera pursuant to the contract with ICE to detain noncitizens.

13. All respondents are named and sued in their official capacities.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

14. Petitioner Jose Eduardo Cortez Rivera was born on February 15, 1997, in El Salvador.

15. At the age of 20, he came to the United States with his family seeking protection from violence they faced after systematic targeting of his partner's family, resulting in first the murder of her father, and then the murder of her mother.

16. Upon entry December 2017, he and his daughter were detained by immigration officials and then released to attend their removal proceedings, which they did without fail.

17. After seeking asylum before the immigration judge, Mr. Cortez Rivera's removal proceedings were dismissed with the consent of the Department of Homeland Security (DHS) in June 2022, after which he re-filed for asylum before the immigration agency, U.S. Citizenship & Immigration Services (USCIS) and has since been waiting for an interview.

18. He continued to reside with his partner, their 9-year-old daughter who is a derivative of Mr. Cortez Rivera's claims, and their 5-year-old U.S. citizen daughter.  Mr. Cortez Rivera is presently the sole breadwinner of the family.

19. Mr. Cortez Rivera had faced criminal charges in Chelsea, MA District Court.  While one charge had been dismissed, the other remained open while Mr. Cortez Rivera awaited appointed counsel amidst the Massachusetts bar advocates' strike.  He has no criminal convictions.  As he was leaving his home to attend his August 28, 2025, hearing in that matter, ICE agents shattered

the window to his car, removed him from his vehicle, and placed him under arrest in front of his partner.

20. Mr. Cortez Rivera was provided neither notice that his release on recognizance would be revoked nor an opportunity to be heard regarding his compliance with his release on recognizance.

21. On information and belief, Mr. Cortez Rivera was detained without cause and in violation of his statutory and constitutional rights by ICE agents on August 28, 2025. Petitioner is now in Respondents' custody at the Plymouth County Correctional Facility in the District of Massachusetts.

22. While a bond hearing has been sought before the Chelmsford, MA immigration court, it is counsel's experience that absent an order from this Court, Mr. Cortez Rivera will likely be denied an individualized custody determination.

### CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

23. The allegations in the above paragraphs are realleged and incorporated herein.

24. Mr. Cortez Rivera is currently in the custody of Respondents under or by color of the authority of the United States – that is, detained in the Plymouth County Correctional Facility at the direction of Respondents.

25. DHS granted Mr. Cortez Rivera release in December 2017 after which he applied for asylum and was lawfully awaiting adjudication of his petitions for release.

26. On August 28, 2025, ICE officials took Mr. Cortez Rivera into custody despite his diligently pursuing avenues for protection in the United States.

4

27. Mr. Cortez Rivera was not given advance notice of his redetention, individualized reasons for his redetention, or an opportunity to contest his redetention and present evidence of compliance with his terms of release.

28. Respondents have deprived Mr. Cortez Rivera of liberty without due process, in violation of his procedural due process rights under the Fifth Amendment of the U.S. Constitution.

**COUNT TWO**
**Violation of Fifth Amendment Right to Due Process**

29. The allegations in the above paragraphs are realleged and incorporated herein.

30. On May 15, 2025, the Board of Immigration Appeals issued a precedential decision that certain noncitizens who were initially detained by DHS while arriving in the United States, released, and then redetained, may be ineligible for individualized custody review before an Immigration Judge, claiming their detention is controlled by INA § 235(b), 8 U.S.C. § 1225(b). *Matter of Q.Li*, 29 I&N Dec. 66, 69-70 (BIA 2025).

31. Mr. Cortez Rivera was initially detained in 2017 shortly after entering the United States and released on recognizance with his daughter pursuant to INA § 236, 8 U.S.C. § 1226.

32. To the extent that DHS submits that Mr. Cortez Rivera is precluded from individualized custody review before the immigration judge pursuant to *Matter of Q.Li*, such preclusion is a violation of procedural due process rights to a custody redetermination hearing. It is further an unlawful application of the 8 U.S.C. § 1225(b).

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show why this Petition should not be granted.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,
Jose Eduardo Cortez Rivera,
By his attorney,

Dated: August 29, 2025

 /s/ *Elizabeth Badger*

Elizabeth Badger
BBO # 663107
Political Asylum/Immigration
Representation (PAIR) Project
98 North Washington St, Ste. 106
Boston, MA 02114
(617) 545-3373
ebadger@pairproject.org

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Jose Eduardo Cortez Rivera, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, having reviewed documentary and video evidence of the events described.

Dated this 29th day of August 2025.

 /s/ *Elizabeth Badger*
Elizabeth Badger

7

**<u>CERTIFICATE OF SERVICE</u>**

I, Elizabeth Badger, hereby certify that this document filed through the ECF system will be sent

electronically to the Respondents who are registered ECF participants as identified on the Notice

of Electronic Filing (NEF).


Dated: <u>August 29, 2025</u>                          <u>  /s/ *Elizabeth Badger*         </u>
                                                  Elizabeth Badger
                                                  BBO # 663107