UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE EDUARDO CORTEZ RIVERA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| PATRICIA HYDE, Field Office Director, | * | |
| KRISTI NOEM, U.S. Secretary of | * | |
| Department of Homeland Security, TODD | * | Civil Action No. 1:25-cv-12390-IT |
| LYONS, Acting Director of U.S. Immigration | * | |
| and Customs Enforcement, PAMELA | * | |
| BONDI, U.S. Attorney General, and | * | |
| ANTONE MONIZ, Superintendent of | * | |
| Plymouth County Correctional Facility, | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER

October 22, 2025

TALWANI, D.J.

      Pending before the court is Petitioner Jose Eduardo Cortez Rivera's Amended Petition for Writ of Habeas Corpus [Doc. No. 11] seeking immediate release or a bond hearing. Petitioner has also requested an order directing U.S. Immigration and Customs Enforcement ("ICE") to comply with a writ of habeas corpus issued by the Chelsea District Court for proceedings against Petitioner there on October 23, 2025. See Reply 3–4 [Doc. No. 13].[1]

_____

[1] Also pending is Respondents' motion for dismissal of all Respondents other than Antone Moniz as they are not Petitioner's custodian. Resp't Abbrev. Response 1 n.1 [Doc. No. 12]. That motion is DENIED where Petitioner's "ultimate legal custodian has been ICE," Flores Salazar v. Moniz, 2025 WL 1703516, at *5 (D. Mass. June 11, 2025), his physical place of detention is subject to transfer under the supervision of the remaining Respondents, and this court would retain jurisdiction despite such transfer, see generally Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 3].

## I.    Background

Cortez Rivera was born in El Salvador and entered the United States with his family in December 2017. Am. Pet. ¶¶ 1, 3 [Doc. No. 11]. Upon entry, he was detained by immigration officials and issued a Warrant for Arrest specifying he was "being taken into custody as authorized by section 236 of the Immigration and Nationality Act." Id. ¶¶ 3, 5.[2] He was then released on his own recognizance "[i]n accordance with Section 236 of the Immigration and Nationality Act." Id. ¶ 6.

In June 2022, Cortez Rivera sought asylum and his removal proceedings were dismissed with the consent of the Department of Homeland Security. Id. ¶ 7. He re-filed an application for asylum and has been waiting for an interview. Id. He has since resided in the United States with his partner, their daughter who is derivative of Cortez Rivera's asylum application, and another daughter who is a U.S. citizen. Id. ¶ 8.

Cortez Rivera has no criminal convictions. Id. ¶ 9. Unspecified criminal charges have been brought against him in the Chelsea District Court. Id. One charge has been dismissed. Id. Another remains open while he awaits appointed counsel amidst the Massachusetts bar advocates' strike. Id. He was detained by ICE on the way to attend an August 28, 2025, hearing in that matter. Id. ¶ 10. He asserts that ICE has "twice refus[ed] to honor a habeas from the Chelsea District Court for subsequent hearings." Reply 3–4 [Doc. No. 13]. He states another such hearing is scheduled for October 23, 2025. Id. at 4.

## II.    Habeas Petition Seeking Petitioner's Release or Bond Hearing

Respondents assert, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C.

_____

[2] This section of the statute is codified at 8 U.S.C. § 1226.

§ 1225(b)(2). Resp't Abbrev. Response 4 [Doc. No. 12]. Respondents also "acknowledge that questions of law in this case . . . substantially overlap with those at issue in" the court's decision in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025) and Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and state that, "[s]hould the Court apply the same reasoning it did in [Doe and similar] cases to this one, the legal principles espoused in those cases would likely warrant the same conclusion here." Id.

Nothing in the record indicates that Cortez Rivera was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds that the reasoning in Doe, Escobar, and similar cases in this district and in other districts, remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, *3 (citing cases reaching the same conclusion).

Accordingly, the Amended Petition for Writ of Habeas Corpus [Doc. No. 11] is GRANTED as detailed below.

## III.    Writ of Habeas Corpus Ad Prosequendum

A writ of habeas corpus may be issued by a district court and extended to a prisoner if "[i]t is necessary to bring him into court to testify [ad testificandum] or for trial [ad prosequendum]." 28 U.S.C. § 2241(c)(5). "The writ is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.' . . . It operates as 'a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.'" United States v. Kelly, 661 F.3d 682, 686 (1st Cir. 2011) (quoting Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993)). The writ allows the issuing court to "obtain temporary custody of the prisoner." United States v. Mauro, 436 U.S. 340, 362 (1978);

see also id. at 357–58 ("Since [1807], the statutory authority of federal courts to issue writs of habeas corpus ad prosequendum to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody, has never been doubted."). It also "allows the transfer of federal prisoners to face state charges[.]" United States v. Hooker, 607 F.2d 286, 288–89 (9th Cir. 1979); see also Flick v. Blevins, 887 F.2d 778, 781 & n.5 (7th Cir. 1989) (writ of habeas corpus ad prosequendum allows "any jurisdiction, whether federal or state[,]" to "take temporary custody of a prisoner confined within another jurisdiction"). This authority has extraterritorial application. Carbo v. United States, 364 U.S. 611, 612, 620 (1961) (federal court in California had authority to issue writ of habeas corpus ad prosequendum to New York City prison official to turn over prisoner to stand trial in federal court in California); Kelly, 661 F.3d at 686 n.4 ("court issuing a writ ad prosequendum 'suffers no geographical limitations' . . . and thus may issue such writs to other districts") (quoting Carbo, 364 U.S. at 620).[3]

In Barber v. Page, the Supreme Court held that "in the case of a prospective witness currently in federal custody, 28 U.S.C. [§] 2241(c)(5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities." 390

---

[3] There may be a question of compliance with such a writ, but this court need not address that to resolve the question of its own jurisdiction here. See, e.g., Carbo, 364 U.S. at 621 n.20 ("In view of the cooperation extended by the New York authorities in honoring the writ, it is unnecessary to decide what would be the effect of a similar writ absent such cooperation."); Ponzi v. Fessenden, 258 U.S. 254, 261–62 (1922) (discussing "the power and discretion to practice the comity in" matters of "the transfer of a federal prisoner to a state court" for purposes of testifying); United States v. Acevedo-Ramos, 842 F.2d 5, 7 (1st Cir. 1988) ("Writs of habeas corpus ad prosequendum and ad testificandum were issued to the Sheriff of Worcester County, ordering that Colon be released to the United States Marshall's Service for transportation to Puerto Rico. As Colon was under indictment, with trial imminent in the Commonwealth, Massachusetts was understandably reluctant to, and declined to, release Colon from its jurisdiction.").

U.S. 719, 724 (1968). Where 28 U.S.C. § 2241(c)(5) does not distinguish between writs of habeas corpus ad testificandum and writs of habeas corpus ad prosequendum, the court finds no reason not to apply this precedent with regard to a state prosecutor's request for a writ of habeas corpus ad prosequendum.[4]

At this juncture, the court has no such request from the state prosecutor. But if the Commonwealth of Massachusetts seeks to prosecute Cortez Rivera and ICE continues to ignore the state court's writ, the prosecutor may seek relief from this court. See Curran v. United States, 332 F. Supp. 259, 261–62 & n.1 (D. Del. 1971) (noting that "such an application [for writ of habeas corpus ad testificandum] may be made directly to the federal court" but "it is not desirable" to be made on behalf of the defendant as opposed to "on behalf of the [State's] Attorney General's office").

## IV.    Conclusion

Cortez Rivera must be provided a bond hearing pursuant to 8 U.S.C. § 1226 no later than October 29, 2025, or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Cortez Rivera in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

In the event Cortez Rivera remains in ICE custody on October 23, 2025, and Respondents fail to comply with any writs of habeas corpus issued by the Chelsea District Court for a

---

[4] If anything, the writ of habeas corpus ad prosequendum is more expansive than the writ of habeas corpus ad testificandum. See Penn. Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 39 n.5 (1985).

proceeding against Cortez Rivera on that date, the state prosecutor may seek in this court a writ of habeas corpus ad prosequendum directed to ICE.

     IT IS SO ORDERED.

     October 22, 2025                           /s/ Indira Talwani
                                                       United States District Judge