UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE EDUARDO CORTEZ RIVERA, Petitioner, | * | |
| v. | * | Civil Action No. 1:25-cv-12390-IT |
| ANTONE MONIZ, et al., Respondents. | * | |

MEMORANDUM & ORDER

November 18, 2026

TALWANI, D.J.

Pending before the court is Petitioner's Motion for Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [Doc. No. 18] ("Motion"). For the reasons set forth below, Petitioner's Motion [Doc. No. 18] is GRANTED in part.

## I. Background

On August 29, 2025, while being held by Immigration and Customs Enforcement ("ICE") in a detention facility, Petitioner Jose Eduardo Cortez Rivera filed a petition for writ of habeas corpus seeking, inter alia, to be released from custody. Pet. [Doc. No. 1]. On September 26, 2025, Petitioner filed an Amended Petition [Doc. No. 11], addressing a September 5, 2025 decision from the Board of Immigration Appeals ("BIA"), Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and requesting that the court order a bond hearing as an alternative to immediate release. Id. at 9–10. The government opposed the relief sought, arguing that ICE had legally detained Petitioner pursuant to their authority under 8 U.S.C. § 1225. Resp. 4 [Doc. No. 12]. Petitioner replied, expanding on his statutory authority and due process arguments. Reply 2–3 [Doc. No. 13].

On October 22, 2025, the court granted Petitioner's habeas petition, ordering that Petitioner "be provided a bond hearing pursuant to 8 U.S.C. § 1226 no later than October 29, 2025, or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing." Mem. & Order 5 [Doc. No. 14]. Thereafter, the government reported that "an Immigration Judge ordered Petitioner released upon a payment of a $6,500 bond. Petitioner posted that bond and was released from ICE custody[.]" Status Report 1 [Doc. No. 16]. On May 13, 2026, finding relief granted, the court closed the case. Order [Doc. No. 17].

On June 13, 2026, Petitioner filed the pending Motion [Doc. No. 18], seeking $4,506.70 in attorney's fees and $159.97 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot. 12 [Doc. No. 18]. In opposition, the government argue that the EAJA does not encompass habeas actions, Resp. 3–6 [Doc. No. 28], the government was "substantially justified in litigating the habeas petition," id. at 6–13, and—alternatively—the amount of fees requested is unreasonable, id. at 14.

## II. Legal Standard

The EAJA is "an exception to th[e] traditional American rule" that "each party before the court is usually responsible for its own attorney's fees." Michel v. Mayorkas, 68 F.4th 74, 78 (1st Cir. 2023) (internal quotation omitted). It provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has identified four requirements for a litigant to be eligible for an award of attorney's fees under the EAJA: (1) the movant must be "the prevailing

party in the civil action," Castañeda-Castillo v. Holder, 723 F.3d 48, 57 (1st Cir. 2013); (2) the request for those fees must be "timely filed," defined by the EAJA as "within thirty days of final judgment in the action," id. (quoting 28 U.S.C. § 2412(d)(1)(B)); (3) "the government's position was not substantially justified," id.; and (4) "that no special circumstances make an award against the government unjust," id. Should those requirements be met, the EAJA authorizes an award of "reasonable" attorney's fees, 28 U.S.C. § 2412(b), as defined by 28 U.S.C. § 2412(d)(2)(A).

## III. Discussion

The court finds that Petitioner is entitled under the EAJA to the requested award. The government does not dispute that Petitioner is a prevailing party in this case and has met the second and fourth requirements—timely filing and "no special circumstances"—under Castañeda-Castillo, 723 F.3d at 57. See Resp. 3 [Doc. No. 28] ("Petitioner fails to satisfy the [civil action and substantially justified] elements."). And as discussed below, Petitioner has met these other requirements.

### *A. The Habeas Proceeding is a Civil Action*

The government contends that the EAJA does not allow for fees for a habeas petition in an immigration case. Where the First Circuit has not yet decided the question, this court joins several other sessions in this district,[1] and most circuits that have considered the issue,[2] in finding that the EAJA, in allowing for "fees and other expenses . . . incurred by [the prevailing]

[1] See, e.g., Peruano v. Wesling, 834 F. Supp. 3d 128, 149 (D. Mass. 2026); Orrego Orrego v. Hyde, No. 26-cv-10260-BEM, 2026 WL 1480362, at *2 (D. Mass. May 27, 2026); Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026); Oscar v. Gillen, 595 F. Supp. 2d 166, 168–69 (D. Mass. 2009).

[2] See Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 424 (3d Cir. 2026); Daley v. Ceja, 158 F.4th 1152, 1162 (10th Cir. 2025); In re Hill, 775 F.2d 1037, 1041 (9th Cir. 1985); Vacchio v. Ashcroft, 404 F.3d 663, 672 (2d Cir. 2005).

party in any civil action," see 28 U.S.C. § 2412(d)(1)(A), includes within "any civil action" a habeas petition seeking relief from immigration detention.

In the instant case, the government offers no compelling argument that undermines the "well settled" fact that habeas corpus was a civil proceeding at the time of the EAJA's enactment in 1980. Martins de Oliveira v. Hyde, No. 25-cv-13940-FDS, 2026 WL 3269861, at *3 (D. Mass. Oct. 30, 2026) (quoting Browder v. Dir., Dept. of Corr. of Illinois, 434 U.S. 257, 269 (1978)). Nor does the government identify any reason to construe habeas petitions differently in the context of the EAJA. Accordingly, for these reasons and those explained by this court previously, see Guasco Loja v. Moniz, No. 26-cv-11834-IT, 2026 WL 3152108 (D. Mass. Oct. 21, 2026), the court finds that habeas petitions are civil actions under 28 U.S.C. § 2412(d)(1)(A).

*B. The Government's Position Was Not Substantially Justified*

The government is "substantially justified if it has a reasonable basis in law and fact for its position . . . or put another way, if a reasonable person could think the government's position correct." Michel, 68 F.4th at 78 (citation modified). The government "bears the burden of proof . . . on this issue," Saysana v. Gillen, 614 F.3d 1, 5 (1st Cir. 2010), and the government has not met its burden here. To the contrary, while the government maintains that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2), Resp. 12–13 [Doc. No. 28]; Resp. 4 [Doc. No. 12], both this court and other sessions in this District have repeatedly held that detention is discretionary for noncitizens present in the United States when apprehended, pursuant to 8 U.S.C. § 1226. See, e.g., Doe v. Moniz, 800 F. Supp. 3d 203, 210–11 (D. Mass. 2025); Gomes v. Hyde, 804 F. Supp. 3d 265, 276 (D. Mass. 2025). Where the government reiterated a position contrary to the court's prior, unappealed rulings, with an "abbreviated brief recognizing [the] same," Resp. 7 [Doc. No. 28], its position is not reasonable or substantially

justified, see Ndongala, 2026 WL 1534981, at *3 ("To continue to press arguments that every single judge in this District to consider the issue had already rejected, often repeatedly, does not strike the Court as reasonable under the circumstances").

C. The Requested Attorney's Fees Are Reasonable In Part

Petitioner's requested award for attorney's fees is largely reasonable. Petitioner requests "an adjusted hourly rate of $267.46" for the "16.85 hours" his counsel spent litigating this matter, for a sum of $4,506.70 plus $159.97 in costs. Mot. 12 [Doc. No. 18]; Mot. Ex. 1 ¶¶ 5–6 [Doc. No. 18-1]; Mot. Ex. 2 [Doc. No. 18-2]. Most of this time was dedicated to four tasks: preparing and drafting a petition for writ of habeas and memorandum of law, researching intervening BIA authority and drafting an amended petition, drafting a reply to the government's response, and drafting the present Motion [Doc. No. 18]. Mot. Ex. 2, at 2 [Doc. No. 18-2]. The government argues that it was unnecessary for Petitioner's counsel to spend 4.75 hours drafting an amended petition substantially similar to the original and 3.4 hours drafting a reply to the government's abbreviated response. Resp. 14 [Doc. No. 28].

The court largely disagrees. The research and drafting necessary for the amended petition were reasonable where Petitioner addressed intervening BIA authority. See Am. Pet. [Doc. No. 11]. As to Petitioner's reply, the government's proposed reduction of 3.4 hours includes the 0.5 hours Petitioner spent reviewing the government's response to the amended petition, which the court construes as a reasonable and necessary expenditure of attorney time. Resp. 14 [Doc. No. 28]; Mot. Ex. 2, at 2 [Doc. No. 18-2]. However, where the government filed an abbreviated response which noted this court's disposition of petitions in similar postures, see Resp. 4 [Doc. No. 12], it was unnecessary for Petitioner to spend time researching and drafting a reply. Accordingly, the court reduces the total hours to 13.95.

Finding the reduced hours to be reasonable, the requested rate (which the government does not challenge) to be comparable to rates awarded for this kind of action in this district, see Ndongala, 2026 WL 1534981, at *4 (granting fees at hourly rate of "$267.46"); Orrego Orrego, 2026 WL 1480362, at *3 (granting fees at hourly rate of "$269.28"), the court finds Petitioner is entitled to attorney's fees in a total amount of $3,731.07 and costs of $159.97.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion [Doc. No. 18] is GRANTED as to 13.95 hours at a rate of $267.46 per hour and $159.97 in litigation expenses, for a total of $3,891.04, and is otherwise DENIED. I

IT IS SO ORDERED.

November 18, 2026

/s/ Indira Talwani
United States District Judge